**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Steamboat Ventures, Ltd., et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-cv-01399-JOF |
| Federal Deposit Insurance Corporation, : | |
| : | |
| Defendants. : | |
| : | |

## **OPINION & ORDER**

This matter is before the court on Defendant's motion to stay pending exhaustion of administrative remedies [17]; Defendant FDIC-R's motion for clarification [38]; Plaintiff Stuart Market's motion for telephonic status conference [39]; and Plaintiff Stuart Market's motion to supplement [40].

**Procedural History**

Plaintiffs, Steamboat Ventures, Ltd; Village Commercial Group, LLC; and Prime Pacific Capital, LLC, filed suit against Defendant Federal Deposit Insurance Corporation as Receiver for Integrity Bank ("FDIC-R"), seeking to enjoin the FDIC-R from initiating any foreclosure proceedings against the property and improvements known as Highmark Condominium Project and to recover from Defendant all losses, costs, injuries, and damages

they have suffered as a result of Defendant's breach of contract. Stuart Market Project, LLC intervened in the action as a third-party Plaintiff-in-Intervention asserting claims against Defendant and Plaintiff, Steamboat Ventures. The FDIC-R has counterclaimed against Steamboat Ventures for breach of contract related to Steamboat Ventures' alleged default on the underlying loan documents.

The court issued an order in this case on December 8, 2009, addressing in particular the status of the Commercial Unit of the Highmark Condominium Project. The court adopts the factual discussion from that order. *See* Order, dated Dec. 8, 2009, at 2-5, 6-9. In that order, the court addressed only whether the FDIC could initiate foreclosure proceedings against the Commercial Unit. The court concluded that:

> under the terms of the agreements signed by the parties, specifically culminating in the Joint Escrow Instructions, Integrity Bank was obligated to release its lien on the Commercial Unit when the remaining principal balance on the loan dropped below $10,000,000, which it undisputably did before close of business on August 29, 2008. Integrity Bank's obligation to release its lien occurred ***prior*** to the FDIC's take over of the Bank after close of business on August 29, 2008. Once the condition precedent of payment on the Loan down below $10,000,000 was met, then the Bank's interest was extinguished as a matter of law. *See Hohn v. Morrison*, 870 P.2d 513 (Colo. App. 1993). Therefore, the court finds that because the Bank had no security interest or lien in the property at the time of the takeover, the FDIC-R has no interest or lien in the Commercial Unit. Clear title of the Commercial Unit may pass to Stuart Market. As a result, 12 U.S.C. § 1821(j) is inapplicable to the action.

*Id.* at 15. The court also directed the parties to file motions for summary judgment on the remaining claims by February 1, 2010.

2

After the court issued that order, the FDIC-R filed the instant motion for clarification as to seven issues – both procedural and substantive – about the state of the litigation. *See* Docket Entry 38. Stuart Market has responded to that motion and filed its own motion for a telephonic conference. The court is not opposed to holding a telephone conference with the parties but believes that the parties will benefit from hearing the court's views on several issues prior to that conference.

**Status of Commercial Unit**

In its motion for clarification, the FDIC-R expresses some puzzlement as to what it needs to do to comply with the court's order since the title to the Commercial Unit rests with Steamboat Ventures and not the FDIC-R. In response, Stuart Market indicates that it has communicated with the Escrow Agent who has provided a Partial Release form for the FDIC-R to sign.

The court found in its December 8, 2009, order that the FDIC-R has no kind of ownership rights in the Commercial Unit. Therefore, the FDIC-R has no lien or any other interest in the Commercial Unit. There should be no "uncertainty" on this matter and the FDIC-R should be able to sign the Partial Release form offered by Stuart Market to effectuate the court's order and clear title to the Commercial Unit.

**Motion to Stay**

As the FDIC-R notes, at the time of the court's December 8, 2009, order, the FDIC-R's motion to stay was pending. The FDIC-R filed the instant motion to stay pending exhaustion of administrative remedies by Village Commercial and Prime Pacific. The FDIC-R contends that under 12 U.S.C. § 1821(d)(13)(D) the court does not have jurisdiction over Plaintiff's complaint until Village Commercial and Prime Pacific have exhausted their administrative remedies before the FDIC. Plaintiffs respond that the claims of Prime Pacific and Village Commercial are "derivative" of those of Steamboat Ventures. Therefore, because Steamboat Ventures has filed a Proof of Claim with the FDIC and exhausted the administrative claims process, Prime Pacific and Village Commercial should be deemed to have done the same.

"The administrative claims process provided by FIRREA requires that an individual who wishes to pursue a claim against a failed institution or its assets, including claims for breach of contract, present that claim to the receiver." *Maher v. Harris Trust & Savings Bank*, 75 F.3d 1182, 1190-91 (7th Cir. 1996) (citing 12 U.S.C. § 1821(d)(3)-(5)). "The receiver then has 180 days within which to either allow or disallow the claim." *Id.* (citing 12 U.S.C. § 1821(d)(6)(A)). *See also McMillian v. FDIC*, 81 F.3d 1041 (11th Cir. 1996) ("This rule in this circuit is clear: FIRREA makes exhaustion of the FDIC's administrative complaint review process mandatory when the FDIC has been appointed receiver for a

4

financial institution.") (quotation and citation omitted); *FDIC v. Lacentra Trucking, Inc.*, 157 F.3d 1292 (11th Cir. 1998) (discussing difference between exhaustion for pre- and post-receivership claims).

Compliance with the administrative review process is a jurisdictional prerequisite. Under the terms of the Act, courts are without subject matter jurisdiction to adjudicate claims not presented for administrative review. The Act provides:

Limitations on judicial review:

Except as otherwise provided in this subsection, no court shall have jurisdiction over –

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to the assets of any depository institution for which the FDIC has been appointed Received, including assets which the FDIC may acquire from itself as such Receiver; or

(ii) any claim relating to any act of omission of such institution or the FDIC as Receiver.

12 U.S.C. § 1821(d)(13)(D).

Prime Pacific and Village Commercial contend that there should be an exception to the exhaustion requirement because their claims are "derivative" of those of Steamboat Ventures. The court finds, however, that there is no such exception to the exhaustion requirement. In *Rosa v. Resolution Trust Corp.*, 938 F.3d 383 (3d Cir. 1991), the court considered a plaintiff's argument that exhaustion should not be necessary because it would be futile as the RTC had already stated its position on the merits of her case. *Id.* at 395. The

5

court noted, however, that "RTC's legal position in this litigation is not necessarily conclusive of the receiver's determination of plaintiffs' claims. If RTC as receiver were to allow and satisfy plaintiffs' claims in whole or in part, the dispute now before this court would be moot to that extent." *Id.* The court further determined that the narrow purpose of exhaustion under the statute was to "allow RTC to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation. . . . This is reasonable given the brevity of the exhaustion procedure and the *de novo* judicial review of claims once the procedure is exhausted." *Id.* at 396. Because of this, the court found that no exceptions to the exhaustion requirement were warranted. *Id.*

The court has found no case law which would allow for claims – even if derivative – to avoid the administrative process. The only case Plaintiffs cite to support their position is *Hachikian v. FDIC*, 914 F. Supp. 14 (D. Mass. 1996). The court finds that case distinguishable, however, because there the claimant made some effort to communicate his position to the FDIC and the FDIC had an opportunity to consider that position and chose not to respond to the letter of claimant's counsel. Here, in contrast, the Proof of Claim submitted by Steamboat Ventures does not indicate that it is taken on behalf of Prime Pacific and Commercial Village. The FDIC-R has not had the opportunity to consider the claims of those two entities. *See also FDIC v. Scott*, 125 F.3d 254 (5th Cir. 1997) (exhaustion is

6

imposed by Congressional requirement and therefore court must enforce in its express terms and no futility exception applies).

For these reasons, the court GRANTS IN PART Defendant's motion to stay pending exhaustion of administrative remedies [17] until the earlier of 180 days from the date on which Prime Pacific and Village Commercial submit their claims to the FDIC-R or the date the FDIC disallows the claims. As Steamboat Ventures has already submitted a Proof of Claim, this stay applies only to the claims of Prime Pacific and Commercial Village.

**Temporary Stay of Foreclosure**

On October 28, 2009, the court entered a temporary stay of all proceedings in the litigation, including the proposed FDIC-R foreclosure as an accommodation to the parties. As the court explained in its December 8, 2009, order, however, the court has only limited power to judicially restrain the FDIC-R under 12 U.S.C. § 1821(j). *See* Order, at 5-6. The court was able to make a ruling on the Commercial Unit only because the court determined that Integrity Bank was legally obligated to release its lien on that property prior to the takeover by the FDIC. The court has no such information with respect to any other property in the Highmark Condominium Project. Therefore, the court terminates its temporary stay on foreclosure.

7

**Future Proceedings**

The court understands that resolving the status of the Commercial Unit addresses a great many of the issues raised in this litigation, but certainly not all. Rather than attempting to determine future deadlines in the litigation based on various minute orders entered when the case was in a different procedural posture, or attempting to discern the opening of the discovery period, the court finds it would be more useful to have the proposed telephonic conference to discuss the scheduling of the remaining issues in the litigation. Therefore, the court will not require the parties to file motions for summary judgment by February 1, 2010, but rather will make a scheduling order with the parties at the telephone conference.

**Conclusion**

The court GRANTS IN PART Defendant's motion to stay pending exhaustion of administrative remedies [17]; GRANTS IN PART AND DENIES IN PART Defendant FDIC-R's motion for clarification [38]; GRANTS Plaintiff Stuart Market's motion for telephonic status conference [39]; and GRANTS Plaintiff Stuart Market's motion to supplement [40].

The court will hold a telephone conference with the parties on Monday, February 1, 2010 at 11:00 a.m.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 15th day of January 2010.


                                          /s J. Owen Forrester
                                                    J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)