**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Steamboat Ventures, Ltd., et al., :
:
      Plaintiffs, :
:
v. : CIVIL ACTION NO.
: 1:09-cv-01399-JOF
Federal Deposit Insurance Corporation, :
:
      Defendant. :
:

## OPINION & ORDER

This matter is before the court on Steamboat Venture's motion to deposit funds into the registry of the court [43]; Stuart Market's motion to dismiss [47]; and the consent motion to dismiss certain claims by the FDIC, Steamboat Ventures, Village Commercial Group, LLC, and Prime Pacific Capital, LLC [50].

Plaintiffs, Steamboat Ventures, Ltd., Village Commercial Group, LLC, and Prime Pacific Capital, LLC, filed suit against Defendant Federal Deposit Insurance Corporation as Receiver for Integrity Bank ("FDIC-R"), seeking to enjoin the FDIC-R from initiating any foreclosure proceedings against the property and improvements known as Highmark Condominium Project and to recover from Defendant all losses, costs, injuries, and damages they have suffered as a result of Defendant's breach of contract. Stuart Market Project, LLC

intervened in the action as a third-party Plaintiff-in-Intervention asserting claims against Defendant and Plaintiff, Steamboat Ventures. The FDIC-R has counterclaimed against Steamboat Ventures for breach of contract related to Steamboat Ventures' alleged default on the underlying loan documents.

The court has issued several orders in this case and the parties have worked toward settlement. As a result of these efforts, on February 18, 2010, Stuart Market filed the instant motion to dismiss without prejudice its claims against Steamboat Ventures. Stuart Market informed the court that Stuart Market and Steamboat Ventures, Ltd. entered into a Settlement Agreement governing an Agreed Conveyance of the Commercial Unit to Stuart Market, and, Steamboat Ventures – Stuart Market – Prime Pacific – Village Commercial Settlement Agreement and Release of Claims. As a result of this Settlement Agreement, Stuart Market asks the court to dismiss without prejudice Stuart Market's claims against Steamboat Ventures. For good cause shown, the court GRANTS Stuart Market's motion to dismiss [47].

On March 12, 2010, Plaintiffs Steamboat Ventures Ltd., Village Commercial Group, LLC and Prime Pacific Capital ("Plaintiffs") and Defendant Federal Deposit Insurance Corporation as Receiver for Integrity Bank ("Defendant") filed a consent motion to dismiss certain claims. The consent motion shows that the parties have agreed that Plaintiffs shall dismiss their claims against Defendant with prejudice and Defendant shall dismiss its claims

AO 72A
(Rev.8/82)

against Steamboat Ventures Ltd. without prejudice. Further, Plaintiff Steamboat Ventures, Ltd. withdraws its Motion to Deposit Funds in the Court Registry. For good cause shown, the court GRANTS the consent motion to dismiss certain claims by the FDIC, Steamboat Ventures, Village Commercial Group, LLC, and Prime Pacific Capital, LLC [50].

**Conclusion**

The court WITHDRAWS Steamboat Venture's motion to deposit funds into the registry of the court [43]; GRANTS Stuart Market's motion to dismiss [47]; and GRANTS the consent motion to dismiss certain claims by the FDIC, Steamboat Ventures, Village Commercial Group, LLC, and Prime Pacific Capital, LLC [50].

The court DISMISSES WITH PREJUDICE Plaintiffs Steamboat Ventures Ltd., Village Commercial Group, LLC and Prime Pacific Capital's complaint against Defendant Federal Deposit Insurance Corporation as Receiver for Integrity Bank. The court DISMISSES WITHOUT PREJUDICE Defendant Federal Deposit Insurance Corporation as Receiver for Integrity Bank's claims against Plaintiff Steamboat Ventures, Ltd.

The court DISMISSES WITHOUT PREJUDICE Stuart Market's claims against Steamboat Ventures.

It appears to the court that the Intervenor Complaint Stuart Market filed against the Federal Deposit Insurance Corporation as Receiver for Integrity Bank is the only claim that

3

AO 72A
(Rev.8/82)

remains pending. The parties are DIRECTED to file a SCHEDULING ORDER on the remaining issues in the litigation within thirty (30) days of the date of this order.

**IT IS SO ORDERED** this 30th day of March 2010.

                                                                         /s   J. Owen Forrester  
                                                               J. OWEN FORRESTER  
                                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)